## SAMUEL G. SAVAGE *vs.* SIMEON MALLORY.

In order to sustain a defence, under *St.* 1855, c. 215, § 37, to an action upon a promissory note given for the price of intoxicating liquors sold in another state to an inhabitant of this commonwealth, it is not sufficient simply to prove that the plaintiff had reasonable cause to believe that the purchaser intended to sell the liquors in Massachusetts, in violation of law; but it must be proved that the purchaser actually entertained such intent.

After a verdict for the defendant, in an action upon a promissory note given for the price of intoxicating liquors sold in Connecticut to an inhabitant of this commonwealth, a new trial will not be granted because the defendant was allowed to show, by cross-examination of the plaintiff, that the latter had long been an extensive dealer in liquors in Connecticut, and had employed counsel in legal business in this commonwealth, though not in relation to the sale of liquors.

CONTRACT upon a promissory note dated at Russell, in this commonwealth, January 13, 1857, signed by Asahel Nelson and the defendant, and payable to the plaintiff at his store in Hartford, Connecticut.

At the trial in the superior court, before *Brigham*, J., it appeared that the note was given as collateral security for the price of intoxicating liquors sold by the plaintiff to Nelson in Hartford, Connecticut. The plaintiff testified that he did not know what the law of this commonwealth was, in relation to the sale of intoxicating liquors. On cross-examination he testified, against the objection of his counsel to the competency of the evidence, that he had been engaged in the liquor business in Hartford since 1827, and had sold liquors to as large an amount as $150,000 in one year; that he had employed counsel in legal business in this commonwealth, about some real estate transactions, but had never had any suit or legal business in this commonwealth in relation to the sale of intoxicating liquors.

The judge instructed the jury that, if the liquors were sold by the plaintiff to Nelson under such circumstances that the plaintiff had reasonable cause to believe that Nelson entertained the purpose of selling the same in Massachusetts in violation of law, the plaintiff could not recover. The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*W. G. Bates & M. B. Whitney*, for the plaintiff.

*H. B. Stevens*, for the defendant.

CHAPMAN, J. By *St.* 1855, *c.* 215, § 37, "no action of any kind shall be had or maintained, in any court in the Commonwealth, for the price of any liquor sold in any other state for the purpose of being brought into this commonwealth to be here kept or sold in violation of law, under such circumstances that the vendor would have reasonable cause to believe that the purchaser entertained such illegal purpose," and notes given for the price of such liquors are declared to be void. This statute supersedes the common law, inasmuch as it covers the whole subject. The instructions to the jury, as stated in the bill of exceptions, are defective, because the judge omitted to state that the purchaser must entertain the illegal purpose mentioned

in the statute. It is obvious that the vendor might believe, and have reasonable cause to believe, that the purchaser had the illegal purpose, and yet be mistaken in his belief. And under the instructions, it is to be taken that the jury found their verdict for the defendant, without any proof that the purchaser entertained the illegal purpose. If the jury had found that the vendor had knowledge that the purchaser entertained the illegal purpose, the terms of the finding would imply the existence of the purpose; but the fact that the vendor had reasonable cause to believe it, does not imply its existence. Thus the finding in the case of *Webster* v. *Munger*, 8 Gray, 584, differs from the finding in this case.

As to the cross-examination, it was within the discretion of the court to admit it. *Exceptions sustained.*